**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-2313 & 12-3819
_____

BING ZHE SUN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-753-021)
Immigration Judge:  Honorable Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 2013

Before: FISHER, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 25, 2013)
_____

OPINION
_____

PER CURIAM

        Bing Zhe Sun petitions for review of his final order of removal and the order of

the Board of Immigration Appeals ("BIA") denying his motion for reconsideration and

1

reopening.  We will deny the petitions.

I.

Sun is a citizen of China who entered the United States in 2001 and who concedes that he is removable for overstaying his visa.  Sun applied for asylum, withholding of removal and relief under the Convention Against Torture on the grounds that Chinese officials persecuted him for practicing Falun Gong and that he fears such persecution in the future.  In his application, Sun claimed that Chinese officials interrogated, "hit" and "tortured" him and placed him jail to await trial, where he remained until his family "bailed [him] out."  In an updated application filed by different counsel, Sun provided a somewhat different account, claiming that Chinese officials (on a different date) beat him, shocked him with an electric baton and pulled his tongue with pliers.  He further claimed that his brother-in-law was a high-ranking official and secured his release after six hours, and that he was hospitalized for one week thereafter.

At his hearing, Sun testified consistently with his updated application and offered some evidence that he practices Falun Gong in the United States.  He also testified that his visible facial scars were caused by his beating in China.  The Immigration Judge ("IJ") denied Sun's claims for lack of corroboration, and the BIA agreed and dismissed his appeal.  Through still different counsel, Sun both petitioned this Court for review and filed a motion for reconsideration and reopening with the BIA, which the BIA denied.

Sun petitions for review of that ruling as well.[1]

## II.

Sun raises two primary challenges to his underlying order of removal. He argues first that the IJ and BIA erred in relying on the statement he submitted with his first application and should have deemed him credible. Sun did not raise any argument regarding reliance on his initial application before the BIA in either his appeal or his motion to reconsider and reopen, and he cites no authority in support of his arguments on that point on review. As the Government argues, however, we need not address them because, even if Sun is assumed to be credible, the BIA's conclusion that he failed to adequately corroborate his claim is independently dispositive as explained in the margin.[2]

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's order of removal but may look to that of the IJ to the extent that the BIA affirmed the IJ's conclusions. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009). We review factual findings for substantial evidence and treat them as "'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. at 251 (quoting 8 U.S.C. § 1252(b)(4)(B)). We review legal issues de novo. See id. We review the denial of motions for reconsideration and reopening for abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011).

[2] Neither the IJ nor the BIA made an express credibility determination. The IJ noted several inconsistencies between Sun's testimony and his first application, but she also stated that he testified credibly regarding the history of Falun Gong in China and identified the lack of corroboration as the "greater weakness" of his case. (IJ Dec. at 16.) The BIA concluded that the IJ "effectively determined that [Sun] did not present a credible claim," but the BIA also went on to conclude that, "moreover," Sun had not corroborated his claim. (BIA Sept. 25, 2012 Dec. at 1-2.) There is thus no indication that either the IJ's or BIA's corroboration analysis was influenced by the issue of credibility in any way. Compare Miah v. Ashcroft, 346 F.3d 434, 440 (3d Cir. 2003) (remanding where BIA reversed IJ's adverse credibility determination but adopted IJ's corroboration analysis that was expressly based on that credibility determination), with Sandie, 562

Sun challenges the BIA's corroboration analysis as well. The substantive provision of the REAL ID Act regarding corroboration does not apply in this case, but even before the REAL ID Act we recognized that credible applicants may be required to submit corroborating evidence so long as the agency undertakes the requisite three-part inquiry. See Sandie, 562 F.3d at 252-53. The agency did so in this case and concluded that Sun had not adequately corroborated either his claim about past mistreatment in China or his practice of Falun Gong in the United States. With regard to Sun's claim of past mistreatment, the IJ and BIA concluded that he did not present any evidence corroborating his claim at all—i.e., any statements from his brother-in-law or family members remaining in China, any records of the medical treatment he claimed to receive in China, or any medical records from a doctor in the United States regarding the possible cause of his scars. With regard to Sun's practice of Falun Gong in the United States, the IJ concluded that Sun presented no statements or testimony from any Falun Gong leaders and no testimony from fellow Falun Gong practitioners.

Sun raises what we construe as two arguments on this issue. First, he argues that the evidence he submitted made it unreasonable for the agency to require more. That evidence consisted of statements from two Falun Gong practitioners in the United States and photographs of Sun at what he claimed were two Falun Gong events. Sun characterizes the agency's decision to require more evidence as "nitpicking," but we

F.3d at 251-52 (distinguishing Miah and holding that the BIA is not required to address credibility where the IJ's corroboration analysis did not depend on credibility).

disagree. As the IJ explained, none of this evidence corroborates Sun's claim about past mistreatment in China. Sun argues that his facial scars constitute sufficient corroboration, but it was not unreasonable for the IJ to require some evidence of how they were caused. See Sandie, 562 F.3d at 253 (declining to disturb IJ's requirement that alien corroborate origin of a scar on his back).

Second, Sun also argues that the agency unreasonably rejected his explanations for failing to provide more evidence. The IJ and BIA adequately addressed those explanations, and Sun's arguments in this regard are not persuasive. For example, Sun testified before the IJ that he had not requested any statements from relatives in China out of fear that the Chinese government monitors their telephone calls and had not requested any testimony from Falun Gong practitioners in the United States because they too fear Chinese surveillance. He ultimately testified that he had not requested medical records from China for the same reason. The IJ found Sun's explanations implausible and noted that Chinese Falun Gong petitioners frequently introduce such evidence in support of their claims. Sun essentially repeats his explanations on review, but we cannot say that any reasonable adjudicator would be compelled to accept them. Indeed, Sun's explanations would essentially excuse Chinese Falun Gong practitioners from offering any corroborating evidence of this nature. Cf. Dong v. Att'y Gen., 638 F.3d 223, 230 (3d Cir. 2011) (addressing Chinese petitioner's submission of, inter alia, a family member's statement and medical records from China and medical records from the United States).

Finally, Sun challenges the BIA's denial of his motion for reconsideration and

reopening. Sun argues that the BIA's ruling was influenced by its previous reliance on his initial asylum application. There is no indication that such is the case, however, and even if there were Sun did not challenge the agency's reliance on his initial application in either his appeal to the BIA or his motion for reconsideration and reopening. Sun also asserts that the BIA failed to adequately address his evidence, but he does not specify what he believes the BIA overlooked and our review of the record reveals no abuse of discretion in this regard. To the contrary, the BIA reasonably explained that Sun's additional evidence raises additional concerns because the two statements he submitted refer to the individual who allegedly secured his release as his "nephew," not his brother-in-law as Sun testified, and were otherwise inconsistent with his explanations for not submitting evidence before. Sun acknowledges these concerns but does not address them except to blame them on the "difficulties and pitfalls" of seeking documents from overseas and the IJ's decision to require corroboration in the first place. (Pet'r's Br. at 29 n.7.) We are not persuaded.

For these reasons, we will deny Sun's petitions for review. Sun's request for oral argument is denied as well.